IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,945






EX PARTE ANASTACIO PACHECO CALDERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 Price, J., filed a concurring opinion.



O P I N I O N




 I agree with the majority that the applicant is entitled to an out-of-time appeal
because the record supports the trial court's findings and conclusions that his counsel was
aware that the applicant wanted to appeal but counsel failed to file the notice of appeal. I
write separately because the trial court also found that counsel was ineffective in failing to
call two witnesses that could corroborate the applicant's theory of the case. If the findings
are supported by the record, the applicant is entitled to a new trial. (1) It has been our custom,
however, to allow an applicant to pursue his direct appeal rather than address the merits of
other substantive claims when the applicant shows that he was denied his right to appeal his
conviction and by his counsel's defective performance. (2)

 In this case, the convicting court found that the two witnesses, Jorge Gallegos and
Adam Flores, were willing and available to testify at the time of trial and that their
testimony would have been of benefit to the applicant. The court concluded that counsel's
performance was deficient and that the applicant was prejudiced by this deficient
performance. Because of our disposition of this case, the applicant is being returned "to
the point at which he can give notice of appeal," (3) and "all time limits shall be calculated as
if the conviction had been entered on the day that the mandate of this Court issues." (4) 

 Because the applicant will be returned to the point when conviction was entered, I
see no reason why the applicant could not file a motion for new trial on the basis of
ineffective assistance of trial counsel for the failure to call the two witnesses. And I see no
reason why, given the trial court's findings and conclusions, the trial court should not grant
the applicant a new trial.

 With these comments, I join the majority.


Filed: May 5, 2004.

DO NOT PUBLISH
1. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
2. See, e.g., Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("Moreover, because
granting an out-of-time appeal restores the pendency of the direct appeal, any remaining substantive
claims would be premature, and hence, subject to dismissal").
3. Ante, at 2.
4. Ibid.